## TSE YOOK KEE v. WEEDIN, Commissioner of Immigration.

Circuit Court of Appeals, Ninth Circuit.
November 25, 1929.

No. 5909.

Hugh C. Todd, of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., and Tom De Wolfe and H. P. Dodd, Asst. U. S. Attys., all of Seattle, Wash. (John F. Dunton, U. S. Immigration Service, of Seattle, Wash., on the brief), for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. The appellant, a Chinese boy, sought admission to the United States upon the ground that he is the minor son of one Tse Pak Cheong, who is domiciled in this country as a Chinese merchant. His application was rejected, and in the court below his petition for a writ of habeas corpus was denied. Hence the appeal.

There is no suggestion of irregularity or unfairness in the procedure before the immigration officers, and, the government having conceded that the applicant is a minor, and that Tse Pak Cheong has the status of a merchant, the alleged relationship was the sole issue. The only question for our consideration, therefore, is whether, in declining to accept the testimony of the applicant and other witnesses as being sufficient to establish the relationship, the immigration officers acted against reason.

Tse Pak Cheong first came to this country and was admitted at the port of Seattle March 12, 1924. He brought with him his alleged oldest son Tse Yok Lun, who was admitted two days later as his minor son. Both testified at that time, and their testimony was considered in the present case in connection with that of the applicant given at Seattle, that of Tse Pak Cheong and another witness given at Chicago, and that of Tse Yok Lun given at Phœnix, Ariz. As between the applicant's testimony and that of Tse Pak Cheong recently given, the discrepancies are few, but, when we consider the entire record, the number is very large. Upon comparing the testimony of the alleged father given in 1924 with his present testimony, and that of the alleged brother given in 1924 with that more recently given by him, many inconsistencies are found. We do not attempt to enumerate them. Some are not highly material and others are difficult to reconcile with the theory of honesty and good faith. An example of the latter is the testimony in respect to the feet of the mother of Tse Pak Cheong. She lived in the little village of only five or six houses where the applicant claims to have been born and reared, and of her all should have had exact knowledge. At the present hearing both the applicant and Tse Pak Cheong testified she has bound feet. In 1924 Tse Pak Cheong testified she had natural feet, and to the same effect is the present testimony of Tse Yok Lun.

While it is difficult to believe that in respect to the multitude of details in which the applicant and Tse Pak Cheong now are in good agreement their story was or could be fabricated, we cannot, in view of the numerous discrepancies, say that the immigration officers acted arbitrarily in declining to believe them.

Accordingly, the order appealed from will be affirmed.